UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ROBIN BETZ, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>        Defendant. | Case No.: 17-cv-1672<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Ch. 421-427, Wis. Stats.

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Robin Betz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that he engaged in a consumer transaction.

6. Defendant Receivables Performance Management, LLC ("RPM") is a debt collection agency with its principal place of business located at 20816 44th Ave West Lynnwood, WA 98036.

7. RPM is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. RPM is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

### *March 25, 2017 Letter*

9. On or about March 25, 2017, RPM mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Verizon Wireless" ("Verizon"). A copy of this letter is attached to this complaint as Exhibit A.

10. The alleged debt identified in Exhibit A is an alleged personal cellular phone service account.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, Exhibit A is a form debt collection letter used by RPM to attempt to collect alleged debts.

13. Plaintiff used his cell phone for personal, family or household purposes. Plaintiff did not open or use the cell phone for business purposes.

14. Exhibit A states the following:

| Original Creditor: | Verizon Wireless |
|---|---|
| Amount: | $1144.06 |
| Fees Due: | 0.00 |
| Total Due: | $1144.06 |

Exhibit A.

2

## July 15, 2017 Letter

15. On or about July 15, 2017, RPM mailed a debt collection letter to Plaintiff regarding the same alleged debt, allegedly owed to Verizon. A copy of this letter is attached to this complaint as Exhibit B.

16. The alleged debt identified in Exhibit B is the same alleged personal cellular phone service account as the alleged debt identified in Exhibit A.

17. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

18. Upon information and belief, Exhibit B is a form debt collection letter used by RPM to attempt to collect alleged debts.

19. Exhibit B contains the following:

| | |
|---|---|
| Notice Date: | 07-15-17 |
| Creditor Account#: | 0001 |
| Creditor: | Verizon Wireless |
| Original Creditor: | Verizon Wireless |
| Due Date: | 07-28-17 |
| Total Due: | $1144.06 |

Exhibit B.

20. Exhibit B is dated July 15, 2017.

21. Exhibit B also contains the following:

> Due to our client's desire to resolve this matter, we are willing to accept 60% of the "total due" shown above as settlement in full. The remaining 40% of your outstanding balance will be forgiven if your payment of $686.44 is received on or before 07-28-17. We are not obligated to renew this offer.

Exhibit B.

22. Exhibit B offers to settle the account for 40% of the "total due" balance of the account "if your payment of $686.44 is received on or before 07-28-17." Exhibit B.

3

23.     Exhibit B further informs the consumer that RPM is "not obligated to renew this offer."  Exhibit B.

### *FDCPA and WCA Violations*

24.     Exhibit A is confusing and misleading to the unsophisticated consumer.

25.     Exhibit A threatens to collect "Fees." Although the amount of fees in Exhibit A is $0.00, the letter implies that there could be fees added to the debt in a future letter. *Tylke v. Diversified Adjustment Serv.*, No. 14-cv-748; 2014 U.S. Dist. LEXIS 153281, *7 (E.D. Wis. Oct. 28, 2014) ("the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one.").

26.     Upon information and belief, RPM does not actually add fees to consumer collection accounts.

27.     Further, RPM could not add any "fees" to Plaintiff's account.

28.     Plaintiff's phone service contract with Verizon was for services, specifically Verizon phone services, and involved agreements to render services and defer payment, under which finance charges, including but not limited to early termination fees, were or could be imposed, and which obligation was payable in installments. Such agreements are "consumer credit transactions" under the WCA, Wis. Stat. §§ 421-427.

29.     Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

> a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans.

30.     Plaintiff's phone contract was for "services," namely cell phone service.

31.     Plaintiff's cell phone service contract was payable in installments.

4

32. Under a cell phone service contract, the consumer incurs an obligation to pay the entire amount of the contract monthly, over the contract's term.

33. For example, under a cell phone service plan labeled "$50 per month" with a 2-year term, the consumer is obligated to pay, at a minimum, $1,200.00. The payments are made in 24 monthly installments of $50 each.

34. Additionally, most cell phone service plans in which the consumer receives a "free" or "reduced price" phone spread the cost of the phone over the length of the contract term.

35. Moreover, upon information and belief, Verizon contracts include fees, including but not limited to early termination fees, that are considered finance charges under Wisconsin law.

36. The WCA specifically prohibits the attachment of collection fees and other "default charges" on consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

37. Neither Wis. Stat. § 422.202, entitled "Additional charges," nor any other section of the WCA, lists collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

38. Because cell phone service contracts are consumer credit transactions, Exhibit A falsely states or implies that RPM has a right to add collection fees to consumers' alleged cell phone service debts.

39. Even if a provision of any agreement between Plaintiff and Verizon for the provision of cell services would purport to permit Verizon to impose a collection fee, the WCA

5

prohibits such fees. Wis. Stat. § 421.106(1) ("Except as otherwise provided in chs. 421 to 427, a customer may not waive or agree to forego rights or benefits under chs. 421 to 427."); *See also Lox v. CDA, Ltd.*, 689 F.3d. 818 (7th Cir. 2012) (false representation that attorney fees would be added when they could not be, violated 1692e).

40. Exhibit B is a misleading and unconscionable means of collecting, or attempting to collect, a debt.

41. Exhibit B is dated July 15, 2017, which was a Saturday. Allowing a few days for mailing and processing, a consumer probably would not receive Exhibit B until July 19, 2017, or later.

42. Exhibit B requires that the settlement payment be received by July 28, 2017. Again, allowing a few days for mailing and processing, a consumer would need to attempt to send the payment by July 24, 2017, or sooner.

43. Because Exhibit B would not be received until July 19, 2017 and the settlement payment would need to be sent by July 24, 2017, Exhibit B gives the consumer less than a week to consider, accept, and mail the settlement offer.

44. Upon information and belief, the settlement offer is available at any time. The purpose of imposing this short deadline is to unfairly pressure the consumer into settling an unsecured debt.

45. Moreover, Exhibit B is confusing on its face because it is unclear how RPM would process the payment where the consumer attempts to settle the debt by mailing a $686.44 payment but the payment is not received until July 29, 2017, or some other date.

46. On the face of Exhibit B, RPM could process the payment and deduct $686.44 from the "total due" balance of the account without contacting the consumer to inform him that

the payment is being processed as a partial payment rather than a settlement in full because the settlement offer had expired.

47. Moreover, Exhibit B notes that RPM is "not obligated to renew" the settlement offer, which also suggests that RPM may settle the account in full even if the $686.44 payment is received on or after July 29, 2017.

48. Plaintiff was confused by Exhibits A and B.

49. The unsophisticated consumer would be confused by Exhibits A and B.

50. Plaintiff had to spend time and money investigating Exhibits A and B.

51. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits A and B.

52. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action

7

for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

53. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

54. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

55. 15 U.S.C. § 1692e(5) specifically prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken."

56. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt.

57. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

58. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

59. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

60. Wis. Stat. § 427.104(1)(L) also specifically prohibits a debt collector from "[t]hreaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## **COUNT I -- FDCPA**

61. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

62. RPM's threat to collect fees in Exhibit A is a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient.

63. RPM has no legal basis for collecting a collection fee on Plaintiff's alleged cell phone service debt.

64. Exhibit A falsely represents that Defendant is lawfully entitled to collect a fee.

65. Exhibit A creates a false impression as to its authorization or approval for collecting a fee.

66. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

## COUNT II -- FDCPA

67. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

68. RPM's threat to add a collection fee when neither RPM nor Verizon are entitled to such a fee, is an unfair and/or unconscionable method by which to try and collect an alleged debt.

69. As these statements are threatening and/or confusing to the unsophisticated consumer recipient so as to falsely imply that the creditor is entitled to receive a collection fee, they are an unfair and/or unconscionable method for attempting to collect a debt.

70. The unsophisticated consumer would be confused by the nebulous references in RPM's letter to "Fees" and would have no idea what those charges are, potentially could be, or whether they would be legitimate.

71. Defendant violated 15 U.S.C. §§ 1692f, and 1692f(1).

## COUNT III – FDCPA

72. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

73. Exhibit B misleads the unsophisticated consumer by falsely stating that the offer expires, and places undue pressure on the unsophisticated consumer to settle the debt.

74. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692f.

## COUNT IV – WCA

75. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

76. Exhibit A claims, attempts, or threatens to enforce a right to a collection fee, even though Defendant knew or should have had reason to know that no such right existed at the time the letters were sent.

77. Defendant violated Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

## CLASS ALLEGATIONS

78. Plaintiff brings this action on behalf of two classes.

79. Class I ("Collection Fee Class") is defined as (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form of Exhibit A by Defendant that sought to collect alleged debts owed to Verizon, (c) seeking to collect a debt for personal, family or household purposes, (d) which threatens to include collection fees and/or interest on the original debt, (e) and when the original debt had not been reduced to judgment, (f) between November 28, 2016 and November 28, 2017, inclusive, (g) that was not returned by the postal service.

80. Class II ("Unconscionable Settlement Class") is defined as (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form of Exhibit B by Defendant that sought to collect alleged debts owed to Verizon, (c) seeking to collect a debt for personal, family or household purposes, (d) which threatens to include collection fees and/or interest on the original debt, (e) and when the original debt had not been reduced to judgment, (f) between November 28, 2016 and November 28, 2017, inclusive, (g) that was not returned by the postal service.

81. Each Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each Class. There are questions of law and fact common to the members of each class, which common questions predominate over any questions

that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA and the WCA.

82. Plaintiff's claims are typical of the claims of the members of each Class. All are based on the same factual and legal theories.

83. Plaintiff will fairly and adequately represent the interests of the members of each Class. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

84. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

85. Plaintiff hereby demands a trial by jury.

## **RPMYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: November 28, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)

3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com